# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3672 | **DATE** | 7/30/2008 |
| **CASE TITLE** | Board Trustees of the Plumbers Local Union, et al. vs. Mannion Plumbing, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for default judgment [10] denied without prejudice. *See Statement below*

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Paragraph 2 of plaintiffs' motion reflect that copies of the summons and complaint were served upon defendant Mannion Plumbing, Inc. via Tim Smith "an employee of Mannion [Plumbing]." There is no representation that Ms. Powers is an officer, a managing or general agent, a registered agent or any other agent authorized by appointment or by law to receive service of process. As such, the motion does not reflect compliance with Rule 4(h) for service on corporations.

> As set out in *Miles* v. *WTMX Radio Network,* 2002 WL 31369424, 4 (N.D.Ill.) (Judge St. Eve),
> When a plaintiff sues in federal court, he may effectuate service pursuant to the Federal Rules of Civil Procedure or the law of the state in which the court sits. *See* Fed. R. Civ. P. 4. For our purposes here, Illinois law is similar to the Federal Rules. *Compare* Fed.R.Civ.P. 4(h), *with* 735 ILCS 5/2-204; *compare* Fed.R.Civ.P. 4(e), *with* 735 ILCS 5/2-203. . . . Federal Rule of Civil Procedure 4(h) governs service of a corporation. It allows service to be effectuated by:
>
>> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed.R.Civ.P. 4(h)(1). *See U.S.* v. *Norden Enterprises, LLC.*, 2002 WL 1632633, 2 (N.D.Ill.) ("the district courts in this circuit have read Rule 4(h)(1) [as] requiring that an agent have actual authority to receive service of process for that service to be valid." [citations omitted]. Moreover, Illinois courts interpreting 735 Ill. Comp. Stat. 5/2-204 have concurred, requiring that "for service to effectively made upon an agent of the defendant, the agent must have actual authority to accept process.... [citations omitted].") As there is no evidence of personal jurisdiction over the defendant, the motion for entry of default must be denied.

| | Courtroom Deputy | MD |
|---|---|---|